IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-00945-BNB

JOHN RAINEY,

      Plaintiff,

v.

BRYCE THORSTAD,
LYNN TRAVIS,
JOSEPH SOTO,
SGT. MARQUEZ,
K. ROETKER, and
SGT. MONTGOMERY,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Rainey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Canon City, Colorado.  Mr. Rainey initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking money damages and declaratory and unspecified injunctive relief.  Mr. Rainey has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

The Court must construe Mr. Rainey's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant. *See id.*  For the reasons set forth below, Mr. Rainey will be ordered to file an amended complaint.

Mr. Rainey asserts six claims in this action.  In general, he complains that prison officials are performing a "mouth check" each time that he receives his medication, to ensure that Mr. Rainey has swallowed the pills.  He asserts that the mouth check is not required, because he does not take anti-psychotic medication, and that prison officials are only performing the searches in order to retaliate against him.  He seeks damages as relief.

The complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Mr. Rainey fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v.*

*ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Rainey to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Rainey's complaint is rambling, vague, and verbose. Instead of providing a short and plain statement of his claims, Mr. Rainey has provided a long, confusing time-line of events that appears to assert many different claims. Further, the complaint is single-spaced, making it difficult to read. Pursuant to D.C. COLO.LCivR 10.1E, all papers filed in this Court must be double-spaced. Therefore, Mr. Rainey will be directed to file an amended complaint that is double spaced and that provides a short and plain statement of his claims.

In addition, Mr. Rainey must assert personal participation by each named defendant in the amended complaint. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63

(10th Cir. 1976).  To establish personal participation, Mr. Rainey must name and show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Rainey may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Rainey uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Rainey, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  It is Mr. Rainey's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Accordingly, it is

ORDERED that Plaintiff, John Rainey, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Rainey shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Rainey fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 1, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge