IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00945-CMA-MEH

JOHN RAINEY,

      Plaintiff,

v.

BRYCE THORSTAD,
LYNNE TRAVIS,
JOSEPH SOTO,
SGT. MARQUEZ,
K. ROETKER, and
SGT. MONTGOMERY,

      Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STAY

---

Before the Court is a Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed August 10, 2012; docket #28] filed by Defendants Thorstad, Travis, Soto, Marquez, Roetker, and Montgomery (collectively "Defendants"). The Motion has been referred to this Court for disposition.  (Docket #29.)  Oral argument would not materially assist the Court in its adjudication.  Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff.  For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay Discovery and Vacate Preliminary Scheduling Conference.

I.      **Background**

Plaintiff brings this lawsuit under 42 U.S.C. §1983 as a *pro se* litigant incarcerated in Colorado State Penitentiary.  Plaintiff filed his initial complaint on April 9, 2012, and an amended

complaint on May 16, 2012, as ordered by Magistrate Judge Boland.  (Dockets ##1, 9, 10.)
Plaintiff's amended complaint claims Defendants deprived Plaintiff of his Fifth, Eighth, and
Fourteenth Amendment rights by attempting to perform a "mouth sweep" to ensure Plaintiff was
taking prescribed medications that Plaintiff alleges he was lawfully entitled to refuse.  (Docket #10
at 8-14.)  As a result of Plaintiff's alleged refusal to permit the "mouth sweep," Plaintiff asserts that
he was placed in a holding cell for several hours at a time, and that Defendants initiated disciplinary
proceedings against him.  (*Id.* at 8, 11.)  As relief, Plaintiff requests actual and punitive damages
against each defendant in various amounts.  (*Id.* at 8.)

Defendants filed a motion to dismiss on August 10, 2012.  (Docket #27.)  Defendants
contend that they are entitled to qualified immunity because there is no clearly established law
placing Defendants on notice that conducting a mouth sweep violates Plaintiff's constitutional
rights.  (*Id.* at 8-9.) Concurrently with their motion to dismiss, Defendants filed the present Motion
asking the Court to stay discovery because their motion to dismiss is based, in part, on qualified
immunity.  (Docket #28.)

## II.     Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a
threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be
allowed."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800,
818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v.
Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when
a dispositive motion regarding immunity is pending).  Here, Defendants raise qualified immunity
as a defense in the pending motion to dismiss.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay is appropriate here, pending adjudication of the motion to dismiss. *See String Cheese,* 2006 WL 894955, at *2. First, with respect to the first and second factors, there can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. In light of the Supreme Court's instruction regarding qualified immunity, the Court finds that the potential harm to Plaintiff is outweighed by the burden Defendants would bear in requesting and responding to discovery.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. Considering judicial efficiency and economy and the burden of discovery, the Court finds a temporary stay to be appropriate at this stage of the litigation. Moreover, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question. Thus, the Court will grant Defendants' Motion to Stay.

3

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed August 10, 2012; docket #28] is **granted**.  The Scheduling Conference set in this case for September 4, 2012, is hereby **vacated** and discovery is temporarily stayed pending resolution of Defendants' motion to dismiss. The parties shall file a status report within three business days of receiving a ruling on the motion to dismiss, indicating whether the Scheduling Conference should be reset.

Entered and dated at Denver, Colorado, this 14th day of August, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge