IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00945-CMA-MEH

JOHN RAINEY,

       Plaintiff,

v.

BRYCE THORSTAD,
LYNNE TRAVIS,
JOSEPH SOTO,
SGT. MARQUEZ,
K. ROETKER, and
SGT. MONTGOMERY,

       Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

       Before the Court is Plaintiff's Motion for Investigation for Being Denied Access to the Court and Preliminary Injunction and Temporary Restraining Order [filed September 10, 2012; docket #46].  The Motion has been referred to this Court for recommendation.  (Docket #48.)  Pursuant to D.C. Colo. LCivR 7.1C, the Court issues this Recommendation without a response from Defendants. For the reasons set forth below, the Court RECOMMENDS Plaintiff's Motion be **DENIED**.

## I.      Background

       Plaintiff brings this lawsuit under 42 U.S.C. §1983 as a *pro se* litigant incarcerated in Colorado State Penitentiary.  Plaintiff filed his initial complaint on April 9, 2012, and an amended complaint on May 16, 2012, as ordered by Magistrate Judge Boland.  (Dockets ##1, 9, 10.) Plaintiff's amended complaint claims Defendants deprived Plaintiff of his Fifth, Eighth, and

Fourteenth Amendment rights by attempting to perform a "mouth sweep" to ensure Plaintiff was taking prescribed medications that Plaintiff alleges he was lawfully entitled to refuse.  (Docket #10 at 8-14.)  As a result of Plaintiff's alleged refusal to permit the "mouth sweep," Plaintiff asserts that he was placed in a holding cell for several hours at a time, and that Defendants initiated disciplinary proceedings against him.  (*Id*. at 8, 11.)  As relief, Plaintiff requests actual and punitive damages against each defendant in various amounts.  (*Id*. at 8.)

Plaintiff filed the pending Motion on September 10, 2012, upon suspicion that the Department of Corrections ("DOC") has opened Plaintiff's outgoing mail and removed or altered certain documents intended for the Court.  (Docket #46, 1.)  In light of these allegations, Plaintiff claims his constitutional right to access the Court has been violated.  (*Id*. at 3.) As relief, Plaintiff seeks reimbursement of his photocopying charges and asks to inspect his complaint and amended complaint so that he may analyze the handwriting.  (*Id*. at 3-4.)

## II.    Discussion

Because a preliminary injunction is intended to preserve the status quo until the Court has an opportunity to reach the merits, a party moving for a preliminary injunction "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  The injuries alleged in the instant Motion bear no relationship to the constitutional violations alleged in the underlying suit, namely Defendants' alleged deprivation of Plaintiff's constitutional rights by attempting to perform a "mouth sweep" to ensure Plaintiff had taken his medication.  In addition, Plaintiff's failure to attribute any of the alleged mail tampering to the Defendants named in this lawsuit, either directly or indirectly, places his motion

2

for injunctive relief outside the scope of his underlying claims.

Plaintiff's failure to identify Defendants is also problematic because of the Court's general inability to enjoin non-parties. *See* Fed. R. Civ. P. 65(d). According to Rule 65(d), an injunction binds only the parties, their "officers, agents, servants, employees, and attorneys," and other persons who are in active concert therewith. Because Plaintiff has failed to show that any of the named Defendants participated in the alleged mail tampering, the Court is not persuaded that it could stop the activity simply by enjoining Defendants.

Even if a request for injunction were proper under these circumstances, Plaintiff must also demonstrate that an injunction is warranted. A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* In this case, Plaintiff has failed to allege any specific injury, much less one that is sufficiently imminent or irreparable to support a preliminary injunction. In the absence of sufficient injury, the Court cannot recommend a preliminary injunction at this time.

## III.    Conclusion

Because Plaintiff's motion for a preliminary injunction is not sufficiently related to his underlying claims against Defendants, the Court finds that a preliminary injunction is both improper and unwarranted. Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Investigation for

3

Being Denied Access to the Court and Preliminary Injunction and Temporary Restraining Order

[filed September 10, 2012; docket #46] be **DENIED**

Entered and dated at Denver, Colorado, this 12th day of September, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge